Battle, J.
 

 From the pleadings and proofs in these causes, which are properly brought on to be heard together, it appears that the father of all the parties was, at the time of the transaction which forms the groundwork of the litigation, an old man, between seventy and eighty years; that he had been for many years very intemperate; that his body was worn down by his bad habits, and by a distressing disease ; that his mind was much weakened by the same causes; that after raising a large family of children, all of whom were daughters except two, and all of whom had married and settled to themselves, he was left alone in extreme old age by the death of his wife; that after that event he was thrown upon the care of a few slaves and a single granddaughter; that he was incapable of attending to the ordinary business of his farm, and that his son Reuben, the defendant in the original and the plaintiff in the cross bill, became his manager; that he had advanced his sons by gifts of land and some articles of personal property, while he had given to his daughters nothing but articles of personalty of no greater value than those of a similar kind advanced to his sons; that in this condition of things he executed to his son Reuben a deed for the land on which he lived, and which was all he then owned, in consideration of his son’s note for six hundred dollars without interest; that the land was then worth between fifteen hundred and two thousand dollars; that no person was present at the execu - tion of the deed but the bargainor’s own son, who wrote it and signed it as a witness, and another man of doubtful
 
 *169
 
 character who could, not write, and who had to make' his mark as the other attesting witness, and who alone attested the note given for the land. Now what does the law, as administered in a Court of Equity, say to such a transaction, attended by such circumstances?
 

 It says that weakness of mind alone, without fraud, is not a sufficient ground on which to invalidate an instrument ^ nor will old age alone, without fraud, have that effect. But excessive old age, combined with weakness of mind, may constitute a ground for setting aside a conveyance.
 
 Smith
 
 v. Beatty, 2 Ire. Eq., 456. It says that neither weakness of mind nor old age is of itself a sufficient ground to invalidate an instrument. To have that effect there must be some fraud in the transaction, either expressly proved, or to be inferred from the circumstances.
 
 Suttles
 
 v.
 
 Hay,
 
 6 Ire Eq., 124. It says that mere inadequacy of price is no ground for setting aside a contract, unless it be such as amounts to-
 
 apparent fraud;
 
 or the situation of the parties is so unequal as to give one of them an opportunity for making his own terms.
 
 Potter
 
 v.
 
 Everitt,
 
 7 Ire. Eq., 152. It says that where a person standing in a confidential relation to another uses the influence and advantages of his position to make an unequal contract with his dependent or inferior, a Court of Equity will relieve against it.
 
 Mullins
 
 v.
 
 McCandless,
 
 4 Jon. Eq., 425. And it says further that it is an established doctrine, founded on a great- principle of public policy, that a conveyance obtained without any proof of fraud, by one whose position gave him power and influence over the donor or grantor, shall not stand at all if without consideration, and shall stand as a security only for the sum advanced if upon a partial and inadequate consideration.
 
 Futrill
 
 v.
 
 Futrill,
 
 5 Jon. Eq., 61.
 

 With these principles before us, we have a-son becoming the manager of an old and imbecile father, and, while thus acting, obtaining from him, not long before he is laid in his
 
 *170
 
 grave, a conveyance for all his land at an inadequate price, ■without an opportunity to consult his other friends, and under circumstances of strong suspicion as to its fairness. A Court of Equity cannot permit such a transaction to stand, except as a security for the note which it is admitted has not been paid. On the contrary, it must direct the deed mentioned in the pleadings to be delivered up to be can-celled, and that the son permit the other parties to enter into possession of the land, as tenants in common with him, and must account for the rents and profits while he has been in possession, he being allowed proper credits for substantial improvements.
 

 Let a decree be drawn in accordance with the principles declared in this opinion.
 

 The cross-bill is dismissed with costs.
 

 Per Curiam.
 

 Decree accordingly.